1   WILLIAM G. CLARK, SBN 022190
    JOHN C. CLARK, SBN 144549
2   CLARK & CLARK
    255 North Market St., Suite 190
3   San Jose, CA 95110-2409
    Telephone: (408) 292-2434
4   Facsimile: (408) 292-1265

5   Attorneys for Plaintiff
    NANCY CLEWETT
6

7

8                   UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  NANCY CLEWETT,                    CASE NO.: C04 03311 JW
                                      RELATED CASE: C-04-3022 JW
11              Plaintiff,

12        v.

13                                    STIPULATION AND [PROPOSED]
                                      ORDER ON FILING OF AMENDED
14  STATE FARM MUTUAL INSURANCE       COMPLAINT
    COMPANY; and DOES 1 through 20, inclusive,
15
                Defendants.
16

17

18        IT IS HEREBY STIPULATED, by and between the parties hereto, through their respective

19  attorneys of record, that the plaintiff may file an Amended Complaint, a copy of which is attached

20  hereto.

21        IT IS FURTHER STIPULATED that the defendant waives notice and hereby accepts service

22  of the Amended Complaint, and that the defendant will follow the Federal Rules of Procedure, with

23  respect to a responsive pleading to the Amended Complaint.  Should the Federal Rules of Procedure

24  allow it, the defendant should not be required to answer the amendment, and that all denials,

25  responses, and affirmative defenses contained in the answer filed by defendant to the original

26  Complaint shall be responsive to the Amended Complaint.

27  / / /

28  / / /

Dated: October 6, 2005

CLARK & CLARK

By _____
WILLIAM G. CLARK
JOHN C. CLARK
Attorneys for Plaintiff
NANCY CLEWETT

Dated: October 6, 2005

HAYES, DAVIS, ELLINGSON, McLAY & SCOTT

By _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## ORDER

Pursuant to the parties' stipulation, the Complaint may be amended, and the attached First Amended Complaint is hereby deemed filed. Defendant shall respond in accordance with the Federal Rules of Procedure.

IT IS SO ORDERED:

Dated: Oct 7 _____, 2005

_____
HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

(SPACE BELOW FOR FILING STAMP ONLY)

WILLIAM G. CLARK, SBN 022190
JOHN C. CLARK, SBN 144549

**CLARK & CLARK**
255 NORTH MARKET ST., SUITE 190
SAN JOSE, CA 95110-2409
TELEPHONE: (408) 292-2434
FAX: (408) 292-1264

Attorneys for   Plaintiff,
NANCY CLEWETT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY CLEWETT, | CASE NO. C4-03311 JW |
| Plaintiff, | [RELATED CASE C-04-3022 JW] |
| vs. | FIRST AMENDED COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; BREACH OF DUTY TO DEFEND; NEGLIGENCE IN FAILING TO PROPERLY INVESTIGATE AN ACCIDENT |
| STATE FARM MUTUAL INSURANCE COMPANY, and DOES 1 through 20, inclusive, | |
| Defendants. | |

Comes now plaintiff, NANCY CLEWETT, and for Cause of Action alleges:

1.   Nancy Clewett, at all times mentioned herein, was a resident of Santa Clara County, California.

2.   Defendant State Farm Mutual Insurance Company is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Illinois and authorized by the California Insurance Commissioner to transact and actually transacting business in the State of California and, specifically, in the County of Santa Clara, as a casualty insurer.

3.    Plaintiff is unaware of the true identity, nature and capacity of each of the defendants designated herein as a DOE. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is in some manner responsible for the damages and injuries as are alleged in this complaint. Upon learning the true identity, nature and capacity of the DOE defendants, plaintiff will amend this complaint to allege their true names and identities.

4.    Plaintiff is informed and believes and thereon alleges that at all times herein alleged that the defendants, and each of them, were the agents, servants, and employees of the other defendants, and each of them.

5.    On or before May 5, 1995, the plaintiff was the registered owner of two vehicles, one of which was insured with a written policy of automobile liability insurance with the defendant, the other vehicle was uninsured. On or about May 5, 1995, the uninsured vehicle was directly involved in an accident, the vehicle being operated by Edward James Howard, a live-in boyfriend of the plaintiff. At the time of the accident, the vehicle operated by Edward James Howard was going at an excessive rate of speed and was directly followed by the insured vehicle operated by plaintiff Nancy Clewett. That it was apparent plaintiff was chasing the other vehicle possibly following an argument with her live-in boyfriend. That plaintiff's insured vehicle was therefore a direct and proximate cause of the accident hereinafter alleged to have occurred.

6.    That the uninsured vehicle collided with a vehicle operated by

CLARK & CLARK
SAN JOSE, CALIF.

FIRST AMENDED COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH
AND FAIR DEALING; BREACH OF DUTY TO DEFEND; NEGLIGENCE IN FAILING TO PROPERLY INVESTIGATE AN ACCIDENT

2

Susan Mezzetti, who sustained serious injuries in the accident, and who later filed a suit against the plaintiff and her live-in boyfriend.

7.  That the plaintiff notified defendant State Farm Insurance Company of the accident, but the defendant failed and refused to conduct a reasonable investigation and, as a result thereof, sent a written notice to the plaintiff that the insurance company did not cover the accident, and as a result the plaintiff was uninsured.

8.  That on or about May 1, 1996, Susan Mezzetti filed a suit against the plaintiff Nancy Clewett and her live-in boyfriend Edward James Howard. That relying upon the letter from State Farm indicating that there was no insurance coverage to protect the plaintiff, she let the matter go by default and a judgment was entered against her on October 15, 1999. Said judgment was in the amount of $624,813.75.

9.  That on or about May 9, 2002, plaintiff discovered for the first time that her liability was, in fact, covered for the accident above-described at which time State Farm admitted that there was coverage and that the company had a duty to defend and indemnify the plaintiff.

10. That as a direct and proximate result of defendant's refusal as herein alleged to acknowledge coverage and to offer a defense to the plaintiff a default judgment has been entered against the plaintiff for her alleged fault in the accident, and that judgment has become final. That as a further direct and proximate result of defendant's actions stated herein, defendant breached its contract with the plaintiff and was

CLARK & CLARK
SAN JOSE, CALIF.

FIRST AMENDED COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; BREACH OF DUTY TO DEFEND; NEGLIGENCE IN FAILING TO PROPERLY INVESTIGATE AN ACCIDENT

3

further guilty of negligence in failing to perform a reasonable and adequate investigation of the facts of the accident which would have disclosed plaintiff's participation with her insured vehicle.

11. Defendant, through its agents, represented to plaintiff that it was denying coverage based upon a failure of plaintiff to obtain insurance coverage on the vehicle directly involved in the accident. The carrier represented that it had completed its investigation of the accident, but never questioned the plaintiff on her possible participation by following Howard at, admittedly, a high rate of speed. That plaintiff was unaware that Howard had given a statement to the attorney for the injured parties that might put the plaintiff in jeopardy. That plaintiff believed and reasonably relied upon the statement that no coverage existed for the accident, believing a reasonable investigation was performed by the defendant. That as a result, when plaintiff was served the suit papers, she took no action, and consequently a judgment was entered against her. The attorney for the injured party on May 19, 1995 wrote to the plaintiff that a suit was intended to be filed. Plaintiff gave this letter to the defendant, so the defendant was well aware that a suit would be instituted. Plaintiff was never advised by the defendant to the effect that if she was served papers she should deliver these papers to the defendant. Plaintiff was further unaware that the fact she was following Howard at a high rate of speed could involve her in the accident, which further convinced plaintiff that defendant's representation concerning coverage was believable.

CLARK & CLARK
SAN JOSE, CALIF.

FIRST AMENDED COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH
AND FAIR DEALING; BREACH OF DUTY TO DEFEND; NEGLIGENCE IN FAILING TO PROPERLY INVESTIGATE AN ACCIDENT

4

WHEREFORE plaintiff prays judgment as follows:

1.    For the sum of $624,813.75;

2.    For interest on the above sum from the date of the default judgment;

3.    For costs of suit herein incurred; and

4.    For such other and further relief as the court may deem proper.


DATED: October 5, 2005

_____
WILLIAM G. CLARK
Attorney for Plaintiff
NANCY CLEWETT

CLARK & CLARK
SAN JOSE, CALIF.

FIRST AMENDED COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH
AND FAIR DEALING; BREACH OF DUTY TO DEFEND; NEGLIGENCE IN FAILING TO PROPERLY INVESTIGATE AN ACCIDENT

5