IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Nancy Clewett, | NO. C 04-03311 JW |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT STATE FARM'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| State Farm Mutual Insurance Company, | |
| Defendant(s). | |

## I. INTRODUCTION

This lawsuit arises out of an automobile accident involving drivers Plaintiff Nancy Clewett ("Clewett"), her boyfriend, Edward James Howard ("Howard"), and Susan Mezzetti ("Mezzetti"). One year after the accident, Mezzetti filed suit against Clewett and her boyfriend alleging that they had engaged in a high speed chase and caused the accident. Mezzetti ultimately obtained a default judgment against Clewett. In the instant lawsuit Clewett asserts numerous claims based upon State Farm's alleged failure to defend her. State Farm contends Clewett's claims fail as a matter of law because the claims are untimely and because Clewett failed to give State Farm timely notice of the lawsuit.

State Farm's motion for summary judgment was heard on November 14, 2005. Based upon all pleadings filed to date and the comments of counsel at the hearing, the Court grants State Farm's motion.

## II. BACKGROUND

Clewett originally had a written policy of automobile insurance with State Farm for her

1    Toyota pick-up truck. She later purchased a new vehicle, a Toyota Camry, and accordingly in

2    January of 1995, Clewett replaced the truck on the State Farm policy with her Camry. In January of

3    1995, Clewett sold the truck to Howard, her boyfriend; however, she remained the registered owner

4    of both vehicles. Howard apparently did not purchase any automobile insurance for the truck.

5          On May 5, 1995, Clewett was in her Camry following her boyfriend, Howard, in the truck

6    when Howard struck a vehicle operated by Mezzetti. At the time, Mezzetti was seven months

7    pregnant and was transporting her three minor children and another minor child. The police report

8    concluded that Howard caused the accident by driving at an extremely excessive speed and trying to

9    overtake Mezzetti's vehicle. The police report did not identify any other persons as potentially at

10   fault for the accident. The police report included a witness statement by Clewett, however,

11   indicating that she "rushed [Howard] out of the shower so they could get to Jiffy Lube before 5:00

12   p.m. (1700 hrs) to get [the truck] a smog check," and that "they were in a hurry." Decl. of Matthew

13   J. Curley, Ex. 2.

14         Mezzetti's attorney sent Clewett a letter dated May 19, 1995 asserting a claim against her for

15   the accident. Decl. of Matthew J. Curly, Ex. 3. State Farm investigated whether Clewett's policy

16   was in force on the truck, and concluded there was none.[1] State Farm so informed Clewett in a letter

17   dated June 21, 1995. The letter stated as follows:

18         According to our investigation, we do not find a policy in force for the 1993 Toyota
         pick-up truck on the date of loss, May 5, 1995 nor does the vehicle appear to meet the
19         policy definition of a "newly-acquired, non-owned or temporary substitute car.

20   Decl. of Matthew J. Curley, Ex. 8.

21         Approximately one year after the accident, Mezzetti filed suit against Clewett and Howard

---

23   [1] State Farm's investigation revealed, among other things, that when Clewett replaced her truck with the Camry on the insurance policy, State Farm automatically continued insurance
24   coverage on the truck for the next thirty-days pursuant to State Farm's policy regarding "replaced" vehicles. On March 18, 1995, Clewett sent State Farm a request to cancel insurance on the truck.
25   By March 18, 1995, however, the State Farm policy on the truck had already expired.

26         The investigation further revealed that Clewett sent a check, application and a letter to a State Farm agent requesting insurance on the truck, which was received by State Farm on May 6 or
27   8, 1995, after the accident.

28         2

(hereinafter "Mezzetti I lawsuit"). The complaint alleged that Clewett and Howard were involved in a "high speed chase" on a residential street and caused the accident. Request for Judicial Notice, Ex. 17.[2] Pursuant to the terms of her State Farm policy, Clewett was required to notify State Farm that this complaint had been filed. Clewett failed to provide the required notice, and State Farm did not discover the Mezzetti I lawsuit had been filed until April 2002. On October 15, 1999, Mezzetti obtained default judgment against Clewett in the sum of $643,382. The time to appeal the default judgment expired 180 days later, on April 12, 2000.

Mezzetti's son, a minor at the time of the accident, filed a second lawsuit against Clewett in April 2002, after reaching the age of majority (hereinafter "Mezzetti II lawsuit"). The complaint included the allegation of a "high speed chase." Request for Judicial Notice, Ex. 24. This time, Clewett timely tendered the Mezzetti II lawsuit to State Farm, and State Farm accepted her defense under a reservation of rights. The status of the Mezzetti II lawsuit is unknown.

On July 14, 2004, Clewett filed the instant suit. In the First Amended Complaint, Clewett asserts claims for tortious breach of an insurance contract; breach of the covenant of good faith and fair dealing; breach of the duty to defend; and negligence in failing to properly investigate an accident. All of the claims pertain to the Mezzetti I lawsuit.

State Farm now moves for summary judgment on essentially two grounds. First, State Farm contends that all of the claims are barred by the applicable statutes of limitations. Second, State Farm contends that Clewett's claims are barred because she failed to tender her defense to State Farm.

### III. STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims

---

[2] State Farm's Request for Judicial Notice is granted.

3

or defenses." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. If this burden is met, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element with respect to which the non-moving party bears the burden of proof at trial. Id. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial. " Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law . . . Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).

The court must draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1991) (citing Anderson, 477 U.S. at 255); Matsushita, 475 U.S. at 588; T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Serv., 809 F.2d at 631. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of

4

fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587.

IV.  DISCUSSION

A.  Clewett's Claims are Barred by the Applicable Statutes of Limitations

State Farm contends that all claims are barred by the applicable statutes of limitations. Clewett does not deny that her lawsuit was filed after the expiration of the applicable statutes of limitations. She contends, however, that State Farm should be estopped from asserting the defense.

The statute of limitations for breach of contract is four years. California Code of Civil Procedure §337. The statute of limitations for bad faith is two years. California Code of Civil Procedure §339. The default judgment in the Mezzetti I lawsuit became final on April 12, 2000. Clewett filed the instant action on July 14, 2004, well after the longer of the two statutes of limitations. Therefore, all of Clewett's claims are time barred unless there is a factual and legal basis for State Farm being estopped from asserting the statute of limitations defense.

Clewett contends that State Farm should be estopped from asserting the statute of limitations as a defense because State Farm allegedly misrepresented facts to her. Clewett Opposition, p.4. Specifically, State Farm allegedly made two misrepresentations in a letter dated June 21, 1995: (1) that "it made an investigation of the facts surrounding the accident," and (2) that "unless [Clewett] had coverage on the pickup truck, there was no coverage for the accident." Opposition, p.4. Clewett contends that a "letter to this effect was written." Id.

Under California law, an insurer may be estopped from asserting the statute of limitations as a defense if the insurer misrepresents a fact, and the insured reasonably relies upon the fact and refrains from filing suit. Vu v. Prudential Property & Casualty Insurance Co., 26 Cal.4th 1142 1151-1153 (2001). In contrast, however, a denial of coverage, even if phrased as a "representation" that the policy does not cover the insured's claim, does not provide a basis for estoppel. Id. at 1152.

In the present case, State Farm did not misrepresent any facts. The first fact allegedly misrepresented was that State Farm conducted an investigation. However, the undisputed evidence establishes that State Farm did indeed conduct an investigation. The second fact allegedly

5

1  misrepresented was that "unless [Clewett] had coverage on the pickup truck, there was no coverage
2  for the accident."  This statement, however, was not made in State Farm's June 21, 1995 letter.
3  Instead, State Farm's June 21, 1995 letter stated as follows:

> According to our investigation, we do not find a policy in force for the 1993 Toyota pick-up truck on the date of loss, May 5, 1995 nor does the vehicle appear to meet the policy definition of a "newly-acquired, non-owned or temporary substitute car.
>
> Based on these facts; we must therefore, respectfully disclaim any coverage to you for the above-captioned loss.

Decl. of Matthew J. Curley, Ex. 8.  At the time the letter was drafted, State Farm's information indicated that the truck driven by Clewett's boyfriend was the only vehicle that caused the accident. It follows that if State Farm determined there was no coverage on the truck, there was no coverage for the accident.  Clewett has not presented any evidence that at the time the letter was drafted State Farm knew the accident involved an alleged "high speed chase" with Clewett's Camry and pickup truck.  Because State Farm did not misrepresent any facts to Clewett, the Court finds no basis for estopping State Farm from asserting the statute of limitations as a defense.

B.  Clewett's Failure to Give Timely Notice of the Mezzetti I Lawsuit Bars Recovery

As a second ground for summary judgment, State Farm contends that Clewett failed to give timely notice of the Mezzetti I lawsuit and that the failure to give notice resulted in prejudice. Clewett contends that she was relieved of her obligation to give notice because State Farm had already informed her that there was no coverage for the accident.

Because the claims are time barred, it is unnecessary to address State Farm's second ground for summary judgment.  Nevertheless, the Court finds that Clewett's failure to give State Farm notice of the Mezzetti I lawsuit was not excused, and therefore Clewett's claims are barred.  In general, a denial of coverage may excuse an insured's duty to notify the insurer of a lawsuit. Drinnon v. Oliver, 24 Cal.App.3d 571 (1972).  In the present case, however, State Farm did not give a broad denial of coverage for the accident.  Rather, State Farm informed Clewett that there was no policy in force on the pickup truck.

V.  CONCLUSION

6

Defendant State Farm's motion for summary judgment is granted on the grounds that Clewett's claims are time-barred and Clewett failed to give State Farm the requisite notice of the Mezzetti I lawsuit.

Dated: January 4, 2006

04cv3311sjclewett

/s/James Ware
JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Stephen M. Hayes shayes@hayesdavis.com

Stephen P. Ellingson sellingson@hayesdavis.com

William G. Clark Clarkclrk@aol.com

Dated:   January 4, 2006                              Richard W. Wieking, Clerk

By: /s/JW Chambers
    Melissa Peralta
    Courtroom Deputy

**United States District Court**
For the Northern District of California